IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR342 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| JEFFREY ADAM PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 37), and the government's responsive brief (Filing No. 38). The government adopted the PSR (Filing No. 36). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the following paragraphs of the PSR, which are discussed below:

- ¶¶ 24, 31 (§ 2A6.1(b)(4)(A) enhancement for substantial disruption or substantial expenditure of funds);

- ¶¶ 24, 84 and 85 (restitution);

- ¶ 43, second, third and fourth subparagraphs (information regarding parole supervision); and

- ¶ 36 (§ 4B1.1(a) career offender enhancement).

***¶¶ 24, 31 - § 2A6.1(b)(4)(A) Enhancement for Substantial Disruption or Substantial Expenditure of Funds***

The enhancement is imposed for substantial disruption or substantial expenditure of funds. As the government points out, the Defendant did not object to the information set out in ¶¶ 10, 18, and 23.[1] Therefore, this and any other information to which no objections were filed may be accepted as findings of fact. *United States v. Lee,* 570 F.3d 979, 980 (8th Cir. 2009). The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

### ¶¶ *24, 84, and 85 - Restitution*

As the government notes, the Revised PSR does not include an award of restitution. The objections are denied as moot.

### ¶ *43 (Second, third and fourth subparagraphs) - Parole Supervision*

The Defendant has the burden by a preponderance of the evidence. Although the matter objected to does not affect the guideline range, the Court will hear the objection.

### ¶ *36 - § 4B1.1(a) Career Offender Enhancement*

It does not appear from reading the Addendum to the PSR that the Defendant objected to this paragraph initially, likely because the objection is based on the decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010). The objection will be heard at sentencing. Because the Defendant appears to object to the probation officer's application of § 4B1.1(a), requiring a legal conclusion that the instant offense is a crime of violence, the burden appears to be on the Defendant by a preponderance of the evidence.

IT IS ORDERED:

---

[1] The Court notes ¶¶ 10 and 18 are part of the government's version of the offense.

1.  The Defendant's objections to ¶¶ 24, 84, and 85 are denied as moot, insofar as those objections relate to the imposition of restitution;

2.  The remaining objections filed by the Defendant will be heard at sentencing;

3.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 16th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge